# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT RIGGINS,<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§<br>§ | CASE NUMBER: 1:21-cv-00361<br><br>DEMAND FOR JURY TRIAL |
| MIDLAND CREDIT<br>MANAGEMENT, INC.,<br>*Defendant.* | §<br>§<br>§ | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiff, Robert Riggins ("Plaintiff" or "Riggins" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") for violations of the FDCPA against Defendant, Midland Credit Management, Inc. ("Midland" or "Defendant" herein).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Midland's conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff suffered a concrete economic injury to the extent that he has viable claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

## THE PARTIES

6. Plaintiff, Robert Riggins, is an individual who resides in Travis County, Texas.

7. Defendant, Midland Credit Management, Inc., is a foreign corporation which is authorized to do business in Texas. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

9. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally relating to Citibank, N.A. ("Alleged Debt").

10. The Alleged Debt(s) is a "debt" as that term is defined by §1692a(5) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay the Alleged Debt(s), and it subsequently went into default.

12. The Alleged Debt(s) was subsequently acquired by Midland sometime thereafter.

2

13. Midland regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

14. Midland is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

15. On or about February 10, 2021, Midland commenced a lawsuit ("Lawsuit" herein) in Travis County Court at Law against Plaintiff with regards to the Alleged Debt: styled Midland Credit Management, Inc. v. Robert Riggins, Cause Number # C-1-CV-21-000803, Travis County Court at Law #1.

16. On or about March 22, 2021, Plaintiff, by and through the undersigned counsel, filed an answer in Travis County Court and served a copy of the answer on counsel for Midland.

17. On or about April 1, 2021, Midland sent directly to Plaintiff, at his residence, Midland's Initial Disclosures and Pretrial Disclosures ("Disclosures" herein), notwithstanding the fact that Midland's own certificate of service listed the undersigned counsel and office address as the proper service party and location. Moreover, Midland never served the Documents on the undersigned counsel as per Texas Rules of Civil Procedure 21. The attached Exhibit A is the coversheet of the Disclosures that Midland sent directly to Plaintiff (with Plaintiff's address).

18. In addition, at the bottom of all of the Disclosures, Midland included the language: "Please understand this communication is from a Debt Collector. This is an attempt to collect a debt. Any information obtained will be used for that purposes."

19. There is no requirement under the Texas Rules of Civil Procedure 194.2 and 194.4 for the Initial Disclosures and Pretrial Disclosures to be served directly on a debtor/defendant, if represented by counsel. There is further no requirement under Texas Rules of Civil Procedure 194.2 that the Initial Disclosures be filed with the Court.

20. Midland had actual knowledge of the undersigned counsel's representation of Plaintiff in the Lawsuit for the Alleged Debt in so much as the certificate of service in the Documents contains the undersigned counsel's name and business address in the certificate of service.

21. The mailing of the Documents by Midland to Plaintiff was a "communication" as that term is defined in 15 U.S.C. §1692a(2) for the purposes of collecting a debt.

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692 c

22.  Plaintiff re-alleges the above-referenced paragraphs.

23.  15 U.S.C. §1692(c) of the FDCPA provides as follows:

**(a) Communication with the consumer generally**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

**(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or**

24.  Midland violated §1692(c)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of a debt, notwithstanding the fact that Midland had actual knowledge that the undersigned counsel represented Plaintiff with regards to the Alleged Debt and Lawsuit.

25.  Midland had actual knowledge of the undersigned's representation of Plaintiff regarding the Alleged Debt and Lawsuit in so much as 1) the undersigned counsel filed an answer in the Lawsuit and 2) Midland's own certificate of service in the Documents lists the undersigned counsel's name and office address as the proper recipient.

26.  The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28. 15 U.S.C. §1692(f) of the FDCPA provides as follows:

**UNFAIR PRACTICES**

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

29. Plaintiff alleges in the alternative that, to the extent that the mailing of the Documents by Midland directly to Plaintiff does not violate 15 U.S.C. §1692c, the activity constituted unfair practices in so much as it used unfair and unconscionable means to collect a debt and influence litigation while a consumer debtor is represented by counsel.

## REQUEST FOR ATTORNEYS' FEES

30. Plaintiff seeks reasonable attorneys' fees FDCPA and any other legal basis.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Robert Riggins, respectfully prays that the Defendant, Midland Credit Management, Inc., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a.  The Court award Plaintiff, statutory damages pursuant to 15 U.S.C. §1692(k)(a)(2);

b.  The Court award Plaintiff, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c.  The Court award Plaintiff, prejudgment and post judgment interest as allowed by law;

d.  The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
*Attorney for Plaintiff*

*Robert Riggins*